# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH FERGINS,<br><br>  Plaintiff,<br><br>       v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | NO. CV 12-1989 AGR<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Plaintiff Keith Fergins filed this action on March 9, 2012.  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on March 28 and April 12, 2012.  (Dkt. Nos. 7, 13.)  On September 25, 2012, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses and remands the decision of the Commissioner.

# I.

## PROCEDURAL BACKGROUND

On March 31, 2007, Fergins filed an application for supplemental security income and alleged a disability onset date of July 26, 2000. Administrative Record ("AR") 9, 226-32. The application was denied. AR 9, 107. Fergins requested a hearing before an Administrative Law Judge ("ALJ"). AR 127. On November 14, 2008, the ALJ conducted a hearing at which Fergins and a vocational expert ("VE") testified. AR 69-106. On December 18, 2008, the ALJ issued a decision denying benefits. AR 108-18. Fergins filed a request for review. On May 28, 2009, the matter was remanded by the Appeals Council, which directed the ALJ to obtain updated medical treatment records, further evaluate Fergins' subjective complaints, give further consideration to Fergins' residual functional capacity ("RFC") and, if warranted, obtain supplemental evidence from a VE. AR 161.

On January 4, 2010, the ALJ conducted a second hearing and heard brief testimony from Fergins. AR 60-68. The ALJ continued the hearing and ordered an orthopedic consultative examination for Fergins. AR 9, 66-67.

On June 22, 2010, the ALJ conducted a third hearing at which Fergins, a VE and a medical expert ("ME") testified. AR 23-58. On August 17, 2010, the ALJ issued a decision denying benefits. AR 6-17. On January 30, 2012, the Appeals Council denied Fergins' request for review. AR 1-5. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam);

*Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

### B. The ALJ's Findings

The ALJ found Fergins has the medically determinable impairments of "multiple gunshot wounds with associated pain and range of motion limitation; numbness in toes and feet; mono-neuropathies; and peripheral neuropathy." AR 11. Fergins has the RFC to perform sedentary work in that:

> he can exert up to 10 pounds of force occasionally and/or exert a negligible amount of force frequently to move objects, including the human body. [He] can stand and walk up to 2 hours and sit up to 6 hours in an 8-hour workday with normal breaks, provided that standing and walking or sitting does not exceed 30 minutes at a time. After 30 minutes, [he] can alternate between standing and sitting for up to 5 minutes in order to stretch or rest prior

3

> to returning to the prior position. He can perform work that does not require climbing ladders, ropes or scaffolds, and no more than occasional climbing of ramps or stairs (not to exceed 3 steps), balancing[,] stooping, kneeling, crouching or crawling. [He] can perform work that does not require walking on uneven ground and allows for use of a hand-held assistive device at all times for ambulation. [He] is able to lift, reach, push and pull occasionally overhead and frequently in all other planes with his right and/or left upper extremity. He can frequently handle, finger and feel objects with his right and/or left upper extremity/hand. [He] can perform work that does not require any more than occasional operation of foot controls with his right and/or left lower extremity. He can perform work that does not require concentrated exposure to extreme cold or extreme vibration, and does not require any exposure to hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions.

AR 11-12.

Fergins cannot perform any past relevant work. AR 15. However, based on the VE's testimony, the ALJ found there were a significant number of jobs in the national economy that he could perform such as touch-up screener, call out operator and order clerk. AR 16.

### C. Treating Physicians and Examining Physician

Fergins contends the ALJ improperly considered the opinions of his treating physicians at Hubert H. Humphrey Comprehensive Health Center ("HHHCHC") and Martin Luther King/Drew Medical Center ("MLK"), and the examining physician, Dr. Bleeker. Fergins argues the ALJ therefore erred in his RFC assessment.

Fergins points out that he was diagnosed with post traumatic arthritis and degenerative joint disease of the left knee at HHHCHC, and an MLK treating physician prescribed a walker for him. AR 507, 513, 550-51. On January 5, 2009, the treating physician noted Fergins had an antalgic gait using a single point cane and prescribed a full weight bearing walker. AR 550-51.

On February 2, 2010, at the request of the ALJ, Dr. Bleecker performed an orthopedic examination of Fergins and reviewed his medical records. AR 578-89. Dr. Bleecker diagnosed Fergins with degenerative disk disease, degenerative arthritis of the cervical spine with instability at C5-6 and left C5-6 radiculopathy,

4

degenerative arthritis in both knees, painful metal fixation in the left knee, degenerative disk disease with interbody herniated disk L2 and slightly hyperactive reflexes, no clonus.  AR 582.  Dr. Bleecker opined that Fergins required the use of a thoracolumbar rigid brace along with a walker or wheelchair; could sit six hours in an eight-hour workday; stand and walk two hours in an eight-hour workday; sit, stand and walk 30 minutes at one time without interruption; lift up to 10 pounds occasionally and frequently; could reach overhead occasionally and in all other planes frequently; handle, finger, feel and push and pull continuously; and could never climb stairs, ramps, ladders or scaffolds, balance, stoop, kneel, crouch and crawl.  AR 582, 584-89.

An opinion of a treating physician is given more weight than the opinion of non-treating physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  To reject an uncontradicted opinion of a treating physician, an ALJ must state clear and convincing reasons that are supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  When a treating physician's opinion is contradicted by another doctor, as here, "the ALJ may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record.  This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Orn,* 495 F.3d at 632 (citations and quotation marks omitted).  "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict."  *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings.  *Orn*, 495 F.3d at 631.  When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'"  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008)

(citation omitted).

The ALJ gave Dr. Bleecker's opinion "great weight" because he recently examined Fergins and adequately considered Fergins' subjective complaints and obesity. Dr. Bleeker's opinion was consistent with the record as a whole. AR 14.

However, the ALJ's RFC assessment is inconsistent with the opinions of Dr. Bleeker and the treating physician that Fergins requires use of a walker. In addition, the ALJ rejected Dr. Bleeker's opinion that Fergins should never climb stairs and ramps, balance, stoop, kneel, crouch and crawl.

The ALJ mistakenly described Dr. Bleeker's opinion as stating that Fergins required "a cane to walk." AR 14. Dr. Bleeker opined that Fergins required a walker or wheelchair. AR 582, 585. His opinion is consistent with the treating physician's prescription for a walker in January 2009. AR 550-51. The medical expert disagreed and opined that a single point cane would be sufficient when ambulating. AR 38-39, 47.

"'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician.'" *Ryan v. Comm'r, Soc. Sec. Admin.*, 528 F.3d 1194, 1202 (9th Cir. 2008) (citation omitted; emphasis in original). A non-examining physician's opinion may serve as substantial evidence when it is supported by other evidence in the record and is consistent with it, which is not the case here. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). The ALJ noted that Fergins and his friend stated that Fergins used a cane. AR 12-13. However, the friend's report is dated April 11, 2007. AR 13, 254, 256. Although Fergins' Disability Report is undated, it indicates his "next appointment" at MLK is on April 20, 2007. AR 12, 258, 261. At the November 14, 2008 hearing, Fergins testified he used a cane. AR 78; *see also* AR 375. The treating physician prescribed a walker on January 5, 2009. AR 550-51. At the subsequent January 4, 2010 hearing, Fergins testified his condition had gotten worse since the

November 2008 hearing. He can walk "a little bit, but then my legs will give out on me." AR 64. Dr. Bleeker's orthopedic examination occurred on February 2, 2010. AR 578. Accordingly, the medical expert's testimony about the cane is not consistent with any evidence in the record as of January 5, 2009.

The ALJ rejected Dr. Bleeker's opinion that Fergins could never climb stairs and ramps, balance, stoop, kneel, crouch and crawl. The ALJ instead adopted the medical expert's opinion that Fergins could occasionally climb stairs (three steps at a time) and ramps, and could occasionally balance, kneel, crouch or stoop. AR 12, 33, 39-40. The ALJ did not articulate any reason supported by substantial evidence in the record for rejecting Dr. Bleeker's opinion. The ALJ noted generally that the medical expert's area of specialty was orthopedic surgery and he had reviewed the medical records. AR 14. However, Dr. Bleeker was also board certified in orthopedic surgery and reviewed the medical records.[1] AR 578, 581-82. Although the medical expert heard Fergins' testimony at the June 22, 2010 hearing, none of the testimony related to this issue.

Fergins argues that the ALJ's RFC assessment that he can frequently handle, finger and feel objects with his left hand is inconsistent with Dr. Bleeker's opinion that Fergins could not grip with his left hand. However, Dr. Bleecker opined that Fergins could continuously handle, finger, feel, push and pull with both hands. AR 586. The ALJ's determination is not inconsistent with Dr. Bleecker's findings.[2]

---

[1] The ALJ apparently selected the exhibits to be sent to Dr. Bleeker for review. AR 67.

[2] Fergins also argues the ALJ improperly rejected Dr. Bleecker's opinion that Fergins was left-hand dominant. AR 581. The ALJ stated that Dr. Moore, another examining physician, reported that Fergins was right-handed. AR 14. The ALJ's determination is supported by substantial evidence. Fergins argues that the ALJ should have recontacted Dr. Moore. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ made no finding that

The ALJ's rejection of Dr. Bleeker's opinion that Fergins requires a walker and cannot climb stairs and ramps, balance, stoop, kneel, crouch and crawl, is not supported by substantial evidence in the record. On remand, those limitations must be credited beginning January 5, 2009.

### D. Hypothetical to the VE

The ALJ may rely on testimony a vocational expert gives in response to a hypothetical that contains "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217–18.

On remand, the ALJ's hypotheticals must contain the limitations set forth above as of January 5, 2009.

### E. Medical Equivalency to Listed Impairment 1.02A and 1.03

Fergins contends the ALJ improperly considered whether his combination of impairments met or equaled Listing 1.02(a) and Listing 1.03.

The claimant bears the burden of demonstrating that his impairments are equivalent to one of the listed impairments that are so severe as to preclude substantial gainful activity. *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5, 107 S. Ct. 2287 (1987). "If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step." *Id.* at 141; *see also Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

"The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (quoting 20 C.F.R. § 416.925(a), emphasis in original). "For a claimant to show

---

the record is ambiguous or inadequate. It is the ALJ's province to resolve conflicts in the medical evidence. In any event, according to the VE's testimony, the left-hand limitation would only remove the touch-up screener job. AR 50. Therefore, this issue is not material to the outcome.

that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* at 530 (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C .F.R. § 404.1526, emphases in original). "'Medical equivalence must be based on medical findings.' A generalized assertion of functional problems is not enough to establish disability at step three." *Id.* at 1100 (quoting 20 C.F.R. § 404.1526).

Listing 1.02(a) reads: "Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With: A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b." 20 C.F.R., Part 404, Subpart P, Appendix 1.

An inability to ambulate effectively is defined as "an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (*see* 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." *Id.* § 1.00B.2.b(1). An example includes "the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable

9

1 pace on rough or uneven surfaces, the inability to use standard public
2 transportation, the inability to carry out routine ambulatory activities, such as
3 shopping and banking, and the inability to climb a few steps at a reasonable pace
4 with the use of a single hand rail.  The ability to walk independently about one's
5 home without the use of assistive devices does not, in and of itself, constitute
6 effective ambulation. "  *Id.* § 1.00B.2.b(2).

7 Listing 1.3 provides: Reconstructive surgery or surgical arthrodesis[3] of a
8 major weight-bearing joint, with inability to ambulate effectively, as defined in §
9 1.00B.2.b(1)-(2) (see definition above), and return to effective ambulation did not
10 occur, or is not expected to occur, within 12 months of onset. 20 C.F.R., Part
11 404, Subpart P, Appendix 1.

12 The ALJ found that Fergins "does not have an impairment or combination
13 of impairments that meets or medically equals one of the listed impairments . . .
14 including but not limited to the Section 1.00 musculoskeletal impairments (such
15 as Section 1.02A regarding [m]ajor dysfunction of a joint (due to any cause) and
16 Section 11.14 regarding peripheral neuropathies." AR 11.

17 Because this matter is being remanded, the Commissioner is free to
18 consider whether Fergins meets or equals the listings identified by him in this
19 action.

20 **IV.**
21 **ORDER**

22 IT IS HEREBY ORDERED that the decision of the Commissioner is
23 reversed and remanded for further proceedings for the period beginning January
24 5, 2009, consistent with this opinion.

---

[3] "Arthrodesis is a surgical procedure also known as joint fusion, which removes the damaged portion of the joint and is followed by implantation of screws, wires or plates to hold the bones together until they heal, letting the bones grow together or fuse." *Reid v. Astrue*, 2009 WL 368656, at *10 n.31 (S.D. Fla. Jan.8, 2009) (citations omitted).

10

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: December 20, 2012

ALICIA G. ROSENBERG
United States Magistrate Judge